**David A. RUTLIN, Plaintiff,**

v.

**PRIME SUCCESSION, INC., and Kerley & Starks Funeral Homes, Inc., Defendants.**

**No. 5:98–CV–117.**

United States District Court,
W.D. Michigan,
Southern Division.

June 9, 1999.

Annette E. Skinner, Lansing, MI, for Plaintiff.

Neil P. Jansen, Mika Meyers Beckett & Jones, PLC, Grand Rapids, MI, Stephen B. Mead, Ross & Hardies, Chicago, IL, for Defendants.

## OPINION OF THE COURT ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McKEAGUE, District Judge.

### I

Plaintiff David Rutlin brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* It is undisputed that plaintiff has been diagnosed as having epilepsy, a chronic neurological disorder.

Plaintiff was employed as a licensed funeral director by defendant Kerley & Starks, Inc. from September 1968 to October 1997. Kerley & Starks, later purchased by defendant Prime Succession, Inc., operates a funeral home in St. Joseph, Michigan. Plaintiff alleges defendants discriminated against him in the terms of his employment because of his epilepsy. Specifically, he alleges defendants retaliated against him after he requested accommodation of his epilepsy by subjecting him to "inconsistent scheduling, breaches of confidentiality, incorrect paychecks and decreased income." These adverse conditions resulted, he alleges, in his constructive discharge.

■ A person seeking relief under the ADA for employment-related discrimination must establish (1) that he is a disabled person within the meaning of the Act, (2) that he is qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) that he suffered an adverse employment decision because of his disability. *McKay v. Toyota Motor Mfg., U.S.A., Inc.,* 110 F.3d 369, 371 (6th Cir.1997). Defendants contend plaintiff has failed to adduce evidence sufficient even to make a prima facie showing that he was discriminated against because of his epilepsy. They contend there is no genuine issue of material fact and ask the Court to award them summary judgment as a matter of law.

### II

Defendants' motion requires the Court to look beyond the pleadings and evaluate the facts to determine whether there is a genuine issue of material fact that warrants a trial. See generally *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1388–89 (6th Cir.1993). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact concerns "material" facts only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of

plaintiff's claim necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505. The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Ind. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### III

"Disability" is defined under the ADA, in pertinent part, as "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12101(2). "Major life activities" means "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

■ Plaintiff contends he is substantially limited in all major life activities when he is experiencing seizures. He concedes, however, that his seizures are generally controlled through medications. When the seizures are thus controlled, he enjoys an active life and is not limited in any major life activities. He reports having had seizures on only three occasions: December 1988, January 1997, and October 1998. Citing interpretive guidance of the Equal Employment Opportunity Commission, plaintiff argues "determination of whether an individual is substantially limited in a major life activity must be made on a case by case basis, without regard to mitigating measures such as medicines, or assistive or prosthetic devices." 29 C.F.R. Pt. 1630, App. § 1630.2(j).

Without the benefit of medication, plaintiff's epilepsy condition would undisputedly be disabling. However, the Sixth Circuit has recently held the cited EEOC interpretive rule is not to be given effect because it is at odds with the ADA definition of disability. *Gilday v. Mecosta County,* 124 F.3d 760, 767 (6th Cir.1997). Instead, the impact of mitigating measures must be considered in determining whether one is substantially limited in a major life activity.

The *Gilday* ruling is presently binding on this Court, even though some other circuits have reached a different conclusion, and even though this very question—concerning the impact of mitigating measures on the determination of disability—is currently pending before the Supreme Court. See *Murphy v. United Parcel Service,* 141 F.3d 1185 (10th Cir.1998), *cert. granted,* —— U.S. ——, 119 S.Ct. 790, 142 L.Ed.2d 653 (1999); *Sutton v. United Air Lines Inc.,* 130 F.3d 893 (10th Cir.1997), *cert. granted,* —— U.S. ——, 119 S.Ct. 790, 142 L.Ed.2d 653 (1999). Plaintiff's suggestion that *Gilday* was implicitly overruled by the Supreme Court in *Bragdon v. Abbott,* 524 U.S. 624, 118 S.Ct. 2196, 2202, 141 L.Ed.2d 540 (1998), is simply wrong. Accordingly, the initial question before the Court is whether plaintiff's epilepsy, as controlled by medication, substantially limits him in any major life activity.

Plaintiff argues that even though his seizure experiences have been few and far between, they demonstrate that his medications control the seizures only imperfectly and that the risk of seizures is ever present.

■ Epilepsy is not a disabling condition *per se. Deas v. River West, L.P.,* 152 F.3d 471, 477–78 (5th Cir.1998). It is a condition whose severity varies. The Court must therefore evaluate the impact of plaintiff's epilepsy condition on his major life activities. Plaintiff's own deposition testimony shows that, in his case, apart from his very sporadic seizures, his epilepsy does not have a substantial impact on the way he lives his life. He enjoys a moderately active lifestyle, unimpeded by any physical ailment.

Although plaintiff may have epilepsy for his entire life, he is able to render the

condition largely asymptomatic simply by taking two or three pills per day. The medications entail only very minor side effects. That the seizures may be disabling when they occur is, in light of their infrequency, insufficient, standing alone, to render plaintiff's epilepsy condition a disability with the meaning of the ADA. See *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 871–72 (2nd Cir.1998) (plaintiff who suffered from colitis symptoms only sporadically and was asymptomatic for long periods not disabled).

The impact of plaintiff's condition is distinguishable from that experienced by the plaintiff in *Cehrs v. Northeast Ohio Alzheimer's Research Center*, 155 F.3d 775 (6th Cir.1998). In *Cehrs*, the plaintiff suffered from psoriasis, a chronic incurable disease of the skin and joints. Although life-threatening during "flare-ups," Cehrs's psoriasis did not directly interfere with her ability to work as a nurse during dormant periods, when her symptoms were controlled by weekly medical treatments. *Id.* at 777. Yet, even during these dormant periods, Cehrs experienced pain and irritating skin lesions, and her medication sometimes caused loss of hair and fingernails. *Id.* at 781. Her entire appearance, including the clothes she wore, was dictated by her psoriasis and she was constantly afraid of others' reaction to her condition. *Id.* The court found there was a genuine issue of material fact as to whether Cehrs's psoriasis substantially limited her in the major life activity of work.

Here, in contrast, plaintiff has presented no evidence that he experiences any symptoms that affect his work or any other major life activity during the dormant stages of his condition. Plaintiff's physicians have restricted his work week to no more than 40 hours per week—to minimize stress and fatigue, which may precipitate seizures. However, such a 40 hour per week limitation is insufficient, without more, to establish that plaintiff is substantially limited in the major life activity of working. *Tardie v. Rehabilitation Hospital of Rhode Island*, 168 F.3d 538, 541 (1st Cir.1999); *Muthler v. Ann Arbor Ma-*

*chine, Inc.*, 18 F.Supp.2d 722, 728 (E.D.Mich.1998).

Based on the present record, a reasonable jury could hardly find plaintiff is substantially limited by his epilepsy, as controlled by medication, in any major life activity. Plaintiff has thus failed to bear his burden of demonstrating he has a disability. Because plaintiff has failed to adduce evidence sufficient to create a genuine issue of material fact on this essential element of his claim, defendants are entitled to summary judgment.

## IV

■ Moreover, even if it were appropriate to evaluate the impact of plaintiff's condition without regard for mitigating measures and assuming he might reasonably be deemed to have a disability, his claim would still not avoid summary judgment because he has also failed to satisfy the second and third elements of his prima facie case.

With respect to the second element, plaintiff does appear to have been otherwise qualified to perform the essential functions of his funeral director position with Kerley & Starks. After all, he did satisfactorily perform these functions for almost thirty years. Plaintiff contends his epilepsy condition impeded his ability to perform the customary evening duties, but maintains he remained willing and able to perform the "essential functions" of a funeral director. With reasonable accommodation—that is, with elimination of evening duties, he insists he remained "otherwise qualified."

"A disabled employee who claims that he or she is otherwise qualified with a reasonable accommodation 'bears the initial burden of proposing an accommodation and showing that the accommodation is objectively reasonable.'" *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633–34 (6th Cir. 1998), quoting *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1183 (6th Cir.1996).

Essentially the only accommodation plaintiff requested that defendants refused to grant was the requested exemption from evening visitation duties. It is undisputed that Kerley & Starks had consistently required that funeral home visitations, which normally occur in the afternoon and evening, be presided over by a licensed funeral director. Plaintiff maintains his request to be exempted from evening visitation duties was reasonable because the evening duties could have been handled by other employees—that is, employees other than a licensed funeral director. Defendants disagree for three reasons.

First, they correctly contend the request to exempt him from evening duties was a matter of plaintiff's preference, not a work restriction deemed medically necessary by plaintiff's treating physicians. Dr. A.P. Salvagione, M.D., restricted plaintiff to a 40 hour work week. In a telephone conversation with Kerley & Starks Manager Thomas L. Starks, Dr. Salvagione confirmed that this restriction did not preclude plaintiff's performance of evening duties. Dr. Peter Spencer, D.O., in his letter dated May 20, 1997, stated in pertinent part as follows:

> WORK HOURS PER WEEK—Restricted to 40 hours per work week. A typical work week schedule, i.e., 8 a.m. to 5 p.m., is *preferred* to reduce fatigue. The patient's typical schedule includes night time call, which should be eliminated in an effort to avoid sleep deprivation.

(Emphasis added). Thus, Dr. Spencer, too, restricted plaintiff to 40 hours per week, but stopped short of proscribing evening work.

Defendants undeniably reduced plaintiff's work hours to 40 per week and eliminated his "night time call duties," but they refused to eliminate his regular responsibility for supervision of evening visitations. Plaintiff worked in accordance with this revised schedule for several months before resigning. There is no evidence that he experienced excessive stress or fatigue during the period of this revised schedule. In fact, plaintiff admits that supervising evening visitations did not cause sleep deprivation. There is thus no evidence that exemption from evening duties was anything other than a matter of preference, not necessity.

Second, defendants contend they afforded plaintiff other reasonable accommodations that enabled him to perform the essential functions of the job within the limitations of his condition, and that they were therefore not obligated to provide the accommodation of his choice. Defendants' position is supported by the record, which amply reveals their efforts to work with plaintiff in accommodating his condition. It is also supported by the law.

In *Hankins v. The Gap, Inc.*, 84 F.3d 797, 800 (6th Cir.1996), the Sixth Circuit held the employer has the ultimate discretion to choose between effective accommodations and may choose the accommodation that is easier for it to provide. "[A]n employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided." *Id.* at 800–01. See also *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir.1996)(employer is not required to provide the accommodation the employee requests or prefers, but only some reasonable accommodation).

Here, there is no evidence that the accommodations afforded by defendants were not effective and reasonable. The ADA entitles plaintiff to no more.

Third, defendants contend plaintiff's requested accommodation is not reasonable because it would require them to eliminate an essential function of the funeral director position, supervision of evening visitations. It is well settled that an employer is not required to accommodate a disability by foregoing an essential function of the position. *Laurin v. Providence Hospital*, 150 F.3d 52, 56 (1st Cir.1998). It is also undisputed that Kerley & Starks has consistently required licensed funeral directors to

preside over evening visitations. Under these circumstances, the employer's judgment concerning essential job functions is entitled to substantial deference. *Id.* at 57; *DePaoli v. Abbott Laboratories,* 140 F.3d 668, 674 (7th Cir.1998). Neither the fact that the law does not require licensed funeral directors to preside over visitations nor the fact that some funeral homes may operate differently justifies second-guessing this employer's judgment as to how best to serve its clients.

Accordingly, for all three reasons cited by defendants, the Court finds there is no genuine issue of material fact with respect to the second element of plaintiff's prima facie case. By resigning, thereby effectively rejecting defendants' reasonable accommodation of his condition, plaintiff rendered himself not otherwise qualified to perform the essential functions of the job. *Hankins,* 84 F.3d at 801; 29 C.F.R. § 1630.9(d).

## V

■ Neither is the Court persuaded that plaintiff has adduced substantial evidence to support a finding by a reasonable jury that he was subject to an adverse employment decision of sufficient gravity to be cognizable under the ADA.

First, there is no dispute that plaintiff voluntarily resigned. No evidence has been presented that would support a finding that he was constructively discharged—that is, that he was subjected to working conditions so intolerable that a reasonable person in his position would have felt compelled to resign. See *Keever v. City of Middletown,* 145 F.3d 809, 813 (6th Cir.1998).

Second, the reduction in pay of which plaintiff complains appears to have been the natural consequence of his request not to be required to work more than 40 hours per week. Plaintiff does not dispute the legitimacy of defendants' explanation of the apparent wage rate discrepancy. By requesting accommodation of his 40 hour work week restriction, plaintiff disqualified himself from the benefit of overtime compensation, resulting in a substantial pay reduction.

Third, plaintiff's breach of confidentiality and harassment grievances, viewed from the perspective of a reasonable person in plaintiff's position, simply are not sufficiently material and grave to support a claim under the ADA, but are more properly characterized as trivial or *de minimis.* See *Doe v. Dekalb County School District,* 145 F.3d 1441, 1453 (11th Cir.1998) (although alleged adverse action need not cause "severe trauma" to support a discrimination claim, action that imposes "some *de minimis* inconvenience or alteration of responsibilities" is not enough).

The Court therefore concludes plaintiff has also failed to present sufficient evidence in support of the third element of this prima facie case.

## VI

Accordingly, for all the foregoing reasons, the Court finds plaintiff has failed to carry his burden in response to defendants' well-supported motion for summary judgment. There is no genuine issue of material fact. Defendants' motion for summary judgment will therefore be granted. A judgment order consistent with this opinion shall issue forthwith.[1]

### JUDGMENT ORDER

In accordance with the Court's written Opinion of even date,

**IT IS HEREBY ORDERED** that the motion of defendants Prime Succession, Inc., and Kerley & Starks Funeral Homes, Inc., for summary judgment is **GRANTED**; and

**IT IS FURTHER ORDERED** that defendants are hereby **AWARDED SUMMARY JUDGMENT** in their favor on the claim brought against them by plaintiff

---

1. This disposition renders defendants' motion to strike or disregard plaintiff's exhibits (docket # 27) moot, which motion is given no further consideration.

David A. Rutlin under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*